# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-04-00520-CV

---

**Alfredo Garza, Appellant**

**v.**

**County of Williamson, Appellee**

---

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
### NO. 01-576-T368, HONORABLE JACK R. MILLER, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellee the County of Williamson sued appellant Alfredo Garza, who is incarcerated, and appellant's wife, Bessie Garza, alleging that they owed nearly $6,000 in delinquent taxes on property in Williamson County. Judgment was entered against appellant and his wife, imposing a tax lien against the property and granting permission for the taxing authorities to sell the property to satisfy the tax delinquency. Upon appellant's motion, we stayed the foreclosure sale pending resolution of the appeal. Appellant then filed a second motion, asserting that newly discovered evidence showed that the tax lien should be dissolved. We abated the appeal and remanded the cause to the trial court for an evaluation of the purported evidence.

On January 18, 2005, the trial court filed findings of fact and conclusions of law stating that the Williamson County Appraisal District had corrected its tax rolls to separate the tax

account for appellant's real property from a new account for the mobile home placed on appellant's property. The court further found that "[a]ll delinquent taxes and accrued penalties and interest on the real property have been paid" and that the Appraisal District "has executed and recorded . . . a Partial Release of Judgment as to" appellant, his wife, and the real property. The court concluded that the judgment had been released and the tax lien against the property had been "extinguished for the tax years 2003 and prior." The trial court attached a partial release of judgment signed by the Appraisal District's attorney, stating that the judgment and tax lien against appellant, Bessie Garza, and the real property were released and extinguished. The Appraisal District retained its judgment and lien against the owner of the mobile home.

Therefore, we reinstate the appeal and vacate the portions of the trial court's judgment of July 9, 2004 related to Alfredo Garza AKA Alfred Garza and Bessie Garza. We remand the cause to the trial court for entry of a new judgment consistent with this opinion and the trial court's findings of fact and conclusions of law.[1]

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Vacated in Part; Remanded in Part

Filed: February 3, 2005

_____

[1] We dismiss as moot Garza's motion to have the cause remanded.